■ PATRUSKY, MINTZ & SEMEL, C.P.A., Appellant, v ALBANIL DYESTUFF CORP., Respondent. [738 NYS2d 46] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about July 5, 2001, which, in an action by an accounting firm to recover a fee for, among other things, due diligence services, denied plaintiff's motion for summary judgment dismissing defendant's counterclaim for accounting malpractice, unanimously affirmed, with costs.

Plaintiff argues that defendant, a corporation, lacks standing to assert plaintiff's malpractice in performing due diligence services on behalf of defendant's two principals. The argument is inconsistent with plaintiff's pleadings. The complaint, which claims only a balance due without distinguishing the amount sought for the due diligence services from other amounts included in the balance, alleges that defendant retained plaintiff and that plaintiff performed services for defendant, and does not mention defendant's principals. Plaintiff's reply, responding to defendant's allegation that defendant asked plaintiff to perform due diligence work in connection with defendant's possible acquisition of a certain company, admits that plaintiff "performed certain work related to defendant's acquisition" of that company. Plaintiff's present position is that it was defendant's principals, not defendant, who were contemplating, and in fact consummated, the acquisition, and who asked plaintiff to perform the due diligence services, albeit to send the bill for such services to defendant. The reply also contains affirmative defenses of waiver, estoppel, ratification and the statute of limitations, but not lack of standing. Assuming that defendant's principals were not lulled by plaintiff's pleadings into giving up a viable malpractice claim against plaintiff, and that plaintiff should not be equitably estopped from asserting lack of standing or deemed to have waived that defense, we would, in any event, find that defendant has standing to assert the alleged malpractice, since plaintiff, who billed only defendant, seeks to hold only defendant responsible for those services. We have considered plaintiff's evidence that, contrary to the premise of the counterclaim, it had no professional obligation to investigate the financial health of the acquired company's main customer, and find it insufficient for summary dismissal on that basis. Concur—Tom, J.P., Andrias, Saxe, Wallach and Rubin, JJ.